IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN C. SEATS, #R65374, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 21-1049-RJD |
| ) | |
| DR. SHAH, ) | |
| WEXFORD, ) | |
| and MS. CUNNINGHAM, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Devin C. Seats, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights that occurred while he was confined at Lawrence Correctional Center ("Lawrence"). He asserts that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. (Doc. 1). He seeks monetary damages. *Id.*

This Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

1

liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): He has chronic pain in his head, neck, back, arm, and legs related to 6 gunshot wounds. Some bullet fragments still remain in his vertebrae and legs. (Doc. 1, pp. 10, 12). Plaintiff has been diagnosed with arthritis, nerve damage, bone spurs, and degenerative bone disease. While he was in Menard Correctional Center, he was prescribed gabapentin for these conditions. After Plaintiff arrived at Lawrence on December 26, 2019, Dr. Pittman (who is not a Defendant) prescribed Plaintiff Tylenol-3 for his chronic headaches, Flexeril (a muscle relaxer) for the painful bone spurs in his neck, and a vitamin to help his bone condition. (Doc. 1, p. 10).

Around six months later, Dr. Pittman was replaced by Dr. Shah at Lawrence. Without any explanation to Plaintiff, Dr. Shah took him off Tylenol-3, allowed his Flexeril prescription to expire, and discontinued his vitamins. Shah replaced those prescriptions with ibuprofen, motrin, and Tylenol, and Plaintiff's neck and back pain symptoms increased. On November 1, 2020, Plaintiff saw Dr. Shah, explained his symptoms, and asked to go back on the original pain medications, but Shah refused. (Doc. 1, pp. 16-18). Plaintiff cannot bend to tie his shoes or stand for long periods, and sometimes cannot walk to get his medications. He had asked a nurse in September 2020 to go back on Tylenol-3 and was told that Dr. Pittman gave out medicine "like candy" and this was stopped. (Doc. 1, pp. 11, 19-21). Dr. Shah and nurses also told Plaintiff that Wexford[2] is trying to cut back on certain medications because of their price. (Doc. 1, pp. 11-12, 24).

Plaintiff complained to Health Care Administrator Cunningham in June 2021 about Dr.

---

[2] Wexford Health Sources, Inc., is the corporation that provides contracted health care services at Illinois prisons.

Shah having discontinued his prescriptions and replaced them with inadequate medications. (Doc. 1, pp. 11, 23-24). He told Cunningham he had not been put on the doctor's call line for weeks for his ongoing pain. Cunningham assured Plaintiff she would get him to see a different doctor, but she never did.

Plaintiff had been given a bottom bunk/low gallery permit because of his medical conditions, but it expired. He asked Cunningham twice to ask her to help get the permit renewed. Cunningham was to have him see Dr. Williams for the permit issue, but she never followed through and Plaintiff's permit was never renewed.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1:    Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Shah for discontinuing Plaintiff's pain prescriptions and failing to replace them with medications adequate to relieve his pain.
>
> Count 2:    Eighth Amendment deliberate indifference to serious medical needs claim against Wexford for instituting a cost cutting policy which caused Dr. Shah to discontinue Plaintiff's effective pain medications.
>
> Count 3:    Eighth Amendment deliberate indifference claim against Cunningham for failing to refer Plaintiff to another doctor for pain treatment, and failing to schedule Plaintiff with a doctor to get his bottom bunk/low gallery permits renewed.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice**

**as inadequately pled under the *Twombly* pleading standard.**[3]

### Counts 1, 2, and 3

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate indifference claims in Count 1 against Shah and in Count 3 against Cunningham. Additionally, Plaintiff has stated a viable claim in Count 2 against Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation).

### MOTION FOR COUNSEL

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Cir. 2007). The first prong of the analysis is a threshold question. If a plaintiff has not made a reasonable attempt to obtain counsel on his own, the court should deny the request. *Id.* at 655.

Here, Plaintiff states he wrote to seven attorneys but has not heard back from any of them, possibly because he is now at Shawnee and not Lawrence. (Doc. 3, p. 1). This suggests that Plaintiff may not have written letters seeking representation since he was moved to Shawnee; if so, that does not indicate a reasonable effort to obtain counsel on his own. Plaintiff also states he has only a grade school education, can't read well, and has unspecified mental health issues. (Doc. 1, p. 2). Nonetheless, his pleading clearly articulates the relevant facts and his claims, and the Court finds that Plaintiff is capable of litigating on his own at this early stage.

For these reasons, the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. If Plaintiff encounters difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he chooses to renew his request, he should submit rejection letters from at least three attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## DISPOSITION

The Complaint states colorable claims in Count 1 against Dr. Shah, in Count 2 against Wexford, and in Count 3 against Cunningham.

The Clerk shall prepare for Shah, Wexford, and Cunningham: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal

service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. The Court notes that Plaintiff has paid the filing fee for this action in full.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  March 30, 2022**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.