IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEVIN C. SEATS, R65374, )
           Plaintiff, )
)
vs. )
) Case No. 21-cv-1049-RJD
VIPIN SHAH, M.D., WEXFORD )
HEALTH SOURCES, INC., AND LORIE )
CUNNINGHAM, )
)
           Defendants. )

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Wexford Health Sources, Inc. (Docs. 46 and 47). Plaintiff filed a Response (Doc. 49). As explained further, Wexford's motion is DENIED. Defendants Cunningham and Shah filed Motions to Withdraw the Affirmative Defense of Administrative Remedy Exhaustion (Docs. 44 and 45), which are GRANTED.

## Background

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 USC §1983, alleging that Defendants were deliberately indifferent to Plaintiff's serious medical needs at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges that he has arthritis, nerve damage, bone spurs, and degenerative bone diseases related to multiple gunshot wounds. When Plaintiff arrived at Lawrence in December 2019, Dr. Pittman (not a defendant) prescribed him Tylenol-3, Flexeril, and a vitamin to treat his bone and nerve conditions. Six months later, Dr. Shah replaced Dr. Pittman at Lawrence. Dr. Shah stopped Plaintiff's Tylenol-3 prescription, allowed Plaintiff's Flexeril prescription to expire, and discontinued Plaintiff's vitamins. Dr. Shah replaced Plaintiff's medications with ibuprofen and acetaminophen.

Plaintiff also had a low bunk permit that expired. He asked Health Care Unit Administrator Lorie Cunningham to help him renew his low bunk permit and see a different doctor who could prescribe different medications, but she never did. Dr. Shah and nurses told Plaintiff that Wexford had discontinued the use of Tylenol-3 and Flexeril at Lawrence to save money. Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff's case proceeded on the following claims:

> Count 1: Eighth Amendment deliberate indifference claim against Dr. Shah for discontinuing Plaintiff's pain prescriptions and failing to replace them with medication that adequately addressed his pain.
>
> Count 2: Eighth Amendment deliberate indifference claim against Wexford for instituting a cost-saving measure that caused Dr. Shah to discontinue Plaintiff's pain medications.
>
> Count 3: Eighth Amendment deliberate indifference claim against Lorie Cunningham for failing to refer Plaintiff to a different doctor who could evaluate him for pain medications and a low bunk permit.

(Doc. 18).

Defendants Cunningham and Shah raised the affirmative defense of administrative remedy exhaustion, but now move to withdraw it. Wexford contends that though Plaintiff exhausted his administrative remedies for his claims against Defendants Cunningham and Shah, he failed to fully exhaust a grievance that identified Wexford's cost saving measure that caused Dr. Shah to discontinue Plaintiff's pain medications.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The

moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Exhaustion Requirements***

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain the following:

> …. factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.870(b). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The Chief Administrative

Officer then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.  20 ILL. ADMIN. CODE § 504.850(d) and (e).

Inmates are required to follow all steps and instructions in the grievance process before filing suit in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record."  *Jones v. Bock*, 549 U.S. 199, 219 (2007).  However, an inmate is only required to exhaust the administrative remedies that are available to him.  *Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022) (internal citations and quotations omitted).

## Discussion

Plaintiff submitted Grievance No. 11-20-070 at Lawrence on November 1, 2020 in which he stated that Dr. Shah had discontinued his prescriptions for Tylenol #3 and Flexeril (Doc. 47-1, p. 76).  He explained that he needed those medications to control the pain from his prior gunshot injuries (*Id.*).  His counselor responded "prescriptions of all Tylenol #3 and Flexeril medication at the facility ha[ve] been discontinued facility wide" (*Id.*).  This grievance was denied by the Chief Administrative Officer (*Id.*).  Plaintiff appealed to the Administrative Review Board, who also denied the appeal (*Id.* at p. 75).  Plaintiff filed suit three months later (Doc. 1).

Defendant contends that Grievance #11-20-070 does "not identify Wexford by name, nor did it reference a policy or procedure of Wexford."  To exhaust his administrative remedies, Plaintiff is not required to specifically identify Wexford or point to a specific policy. 20 ILL.

ADMIN. CODE § 504.810(a).   The primary purpose of the grievance process is not to provide early notice to Wexford of a potential lawsuit.  *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (*citing Jones v. Bock*, 549 U.S. 199, 219 (2007).   Rather, the grievance process allows prison officials the opportunity to "address complaints about the program [they] administer."  *Jones*.

Plaintiff's grievance #11-20-070 allowed officials at Lawrence the opportunity to address his complaint that he was no longer receiving Tylenol #3 and Flexeril.  His counselor noted that all inmates' prescriptions for Tylenol #3 and Flexeril had been discontinued at Lawrence. Wexford was the medical provider at Lawrence.  This information sufficiently placed prison officials on notice of a facility-wide issue that Plaintiff now attributes to Wexford in his lawsuit.

Moreover, Plaintiff fully exhausted Grievance No. 11-20-070 prior to filing suit. Accordingly,  Defendant's Motion for Summary Judgment (Doc. 46) is DENIED.  The Motions to Withdraw the Affirmative Defense of Administrative Remedy Exhaustion by Defendants Cunningham and Shah (Docs. 44 and 45) are GRANTED. This case will now proceed to discovery on the merits of Plaintiff's claims.

**IT IS SO ORDERED.**

**DATED: March 9, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**