IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEVIN C. SEATS, #R65375          )
                                 )
         Plaintiff,              )
                                 )          Case No. 21-cv-1049-RJD
    v.                           )
                                 )
VIPIN SHAH, M.D., et al.,        )
                                 )
         Defendant.              )

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 56).   Plaintiff also filed three Motions to Compel (Docs. 62, 64, and 78).    As explained further, Plaintiff's second and third Motions to Compel (Docs. 64 and 78) are GRANTED IN PART and Plaintiff's motions are otherwise DENIED.

**<u>Background</u>**

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 USC §1983, alleging that Defendants were deliberately indifferent to Plaintiff's serious medical needs at Lawrence Correctional Center ("Lawrence").   Plaintiff alleges that he has arthritis, nerve damage, bone spurs, and degenerative bone diseases related to multiple gunshot wounds.   When Plaintiff arrived at Lawrence in December 2019, Dr. Pittman (not a defendant) prescribed him Tylenol-3, Flexeril, and a vitamin to treat his bone and nerve conditions.   Six months later, Dr. Shah replaced Dr. Pittman at Lawrence.   Defendant Lorie Cunningham (health care unit administrator) told Plaintiff that Dr. Pittman had been giving out expensive pain

medication "like candy" and consequently was replaced by Dr. Shah. Without seeing Plaintiff first, Dr. Shah terminated Plaintiff's medications and replaced them with ibuprofen and acetaminophen. Dr. Shah similarly discontinued other inmates' prescriptions for pain medication without seeing them first.   Plaintiff also had a low bunk permit that expired.   He asked Defendant Cunningham to help him renew his low bunk permit and see a different doctor who could prescribe different medications, but she never did.   Dr. Shah and nurses told Plaintiff that Wexford (a company that contracts with the State of Illinois to provide medical care to inmates) had discontinued the use of Tylenol-3 and Flexeril at Lawrence to save money.   Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A and resolution of the exhaustion issue, Plaintiff's case proceeded on the following claims:

Count 1:    Eighth Amendment deliberate indifference claim against Dr. Shah for discontinuing Plaintiff's pain prescriptions and failing to replace them with medication that adequately addressed his pain.

Count 2:    Eighth Amendment deliberate indifference claim against Wexford for instituting a cost-saving measure that caused Dr. Shah to discontinue Plaintiff's pain medications.

Count 3:    Eighth Amendment deliberate indifference claim against Lorie Cunningham for failing to refer Plaintiff to a different doctor who could evaluate him for pain medications and a low bunk permit.

**Motion for Preliminary Injunction (Doc. 56)**

When Plaintiff filed this lawsuit, he was an inmate at Shawnee Correctional Center; he subsequently transferred to Menard Correctional Center.   Doc. 58-1.   In his Motion for Preliminary Injunction, he explains that he was prescribed Neurontin and Tramadol for pain while at Shawnee Correctional Center, but his prescriptions were not renewed at Menard.   He wants the

Court to order that he receive physical therapy and other treatment for chronic pain.   He has since clarified that he is receiving Neurontin at Menard.   Doc.   68.   Defendants filed Responses (Docs. 57 and 58), contending that the issues Plaintiff described in his motion are not related to the underlying suit.

The Prison Litigation Reform Act ("PLRA") mandates that any preliminary injunctive relief ordered in this case must be "narrowly drawn, extend no further than necessary to correct the harm…," and "be the least intrusive means necessary to correct that harm."   18 U.S.C. §3626 (a)(2).   The injunctive relief cannot be granted if it is not "of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit."   *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994 (*per curiam*).

This lawsuit pertains to issues that were specific to Lawrence Correctional Center: Dr. Pittman's prescriptions and treatment for Plaintiff, Dr. Shah's decisions to halt and/or allows those orders to lapse, and whether Dr. Shah's decisions were mandated by Wexford to save money at Lawrence.   Accordingly, Plaintiff's requests for injunctive relief in this case are moot.   *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).   Since the events alleged in Plaintiff's Complaint, he has transferred prisons twice and received new medications ordered by different physicians.

The Court acknowledges that Wexford is the medical provider at Menard AND Lawrence, but it is also the medical provider at Shawnee, where Plaintiff was apparently satisfied with the new pain medications he received.   Plaintiff then transferred to Menard.   The doctor(s) at Menard have not renewed one of those prescriptions.   The Court can only speculate as to why the doctor(s) at Shawnee and Menard have made certain decisions regarding Plaintiff's medications, but those the record reflects no connection with Dr. Shah's alleged efforts to correct Dr. Pittman's practice of excessively prescribing pain medication.   To the extent that physicians at Menard are treating

Plaintiff's requests for physical therapy and other treatment for chronic pain with deliberate indifference, those allegations belong in a different lawsuit.

**First Motion to Compel (Doc. 62)**

Plaintiff alleged that Defendant Shah did not timely respond to Plaintiff's Interrogatories and Requests for Admission.   Plaintiff filed this Motion on May 31, 2023.   Defendant Shah filed a Response (Doc. 63), noting that Plaintiff's Requests for Admissions directed to Dr. Shah were not filed with the Court until May 17, 2023 and defense counsel did not receive the Interrogatories until May 24, 2023.   Consequently, Defendant's responses were not due and counsel noted that Dr. Shah intended to provide timely responses.   Plaintiff's First Motion to Compel is DENIED.

**Second Motion to Compel (Doc. 64) and Third Motion to Compel (Doc. 78)**

In his Second Motion to Compel, Plaintiff contends that he sent counsel for Defendant Cunningham a letter on March 15, 2023 and another letter on April 9, 2023, asking for various policies and procedures, copies of his request slips for sick call, and the dates that Plaintiff appeared at nurse sick call.    Though he only sent the letters to Defendant Cunningham (whose attorney does not represent Defendants Shah or Wexford), Plaintiff requests that the Court compel all three defendants to respond to these letters.   Defendants Wexford and Shah filed a Response, noting that Plaintiff had never sent them Requests for Production (or the letters that were sent to Defendant Cunningham).   Doc. 66. Plaintiff's Second Motion to Compel, to the extent it is directed at Defendants Wexford and Shah, is denied.

Counsel for Cunningham filed a Response (Doc. 72), acknowledging that she had received a letter from Plaintiff dated March 15, 2023.   The letter asks for "health care administrator policies in regards to medication disbursement. Sick call slips policies, protocol pertaining to chronic pain, Wexford distribution of medication and how doctors/nurse practitioners are supposed to deal with

individuals in custody that have constant pain and discomfort."  Doc. 72-4. Counsel explained that she had requested Plaintiff's request slips and call pass logs from the Illinois Department of Corrections.  She also explained that with her Initial Disclosures, she had produced some Institutional and Administrative Directives to Plaintiff regarding controlled medications. However, she had redacted portions of those directives related to storage and handling for security and safety concerns.  The Court agrees that it was proper for Defendant to redact information regarding storage and handling of controlled medications.

Regarding the other directives requested in Plaintiff's March 15, 2023 letter, Defendant argues that it is necessary for Plaintiff to send her counsel a formal document request pursuant to Federal Rule 34 so that she could "provide further clarification as to what documentation is within her custody, control, and possession and to which documents she objects."  Considering Plaintiff's pro se status, counsel should have construed the letter as a request for production (even though he did not cite Rule of Civil Procedure 34) and, in response, either produce the directives, object, or "provide further clarification as to what documentation is within her custody, control, and possession."  Defendant should provide this response on or before April 4, 2024; the Court notes that the requested topics are relevant to this lawsuit.

In his Third Motion to Compel, Plaintiff asked the Court to Compel Defendant Cunningham to produce "copies of my requests slips that I submitted during the relevant times while I was at Lawrence CC, Lawrence CC healthcare policies in regards to nurse sick call schedules and lines, and finally "those emails she speaks of alleging she sent emails to Dr. Babich and other medical staff....bates 0000978-799, she references in interrogatories."  Doc. 78.  In her Response (Doc. 79), Defendant Cunningham contends that Plaintiff is improperly filing Motions to Compel instead of sending her Requests for Production.  She also explains that she had

previously produced an email that was Bates labeled 000978-000799 to Plaintiff, but sent him another courtesy copy after he filed the Third Motion to Compel.

Defendant also explains that on the same date she filed her Response to the Third Motion to Compel, she produced to Plaintiff his "call pass logs" from 2019 and 2020.   She then states that Plaintiff's has copies of his "request slips," which he attached to his Motion to Compel.   However, those "request slips" are apparently just handwritten copies that Plaintiff purportedly made when he submitted request slips.   Doc. 78, p. 3-11.   Defense counsel had previously informed the Court that she had requested copies of Plaintiff's request slips from IDOC.   Doc. 72.   In any event, defense counsel should follow-up with Plaintiff (to the extent she has not already done so) to explain and/or produce the response she received after requesting Plaintiff's "request slips" from IDOC.

Defendant does not address Plaintiff's request for "healthcare policies in regard to nurse sick call schedules and lines" other than to state that Plaintiff never sent her a request for those directives."   Plaintiff stated in his Motion that he was requesting the documents via the Motion to Compel (filed electronically with the Court) because of issues at Menard Correctional Center regarding incoming and outgoing mail.   Doc. 78, p. 2.   In any event, Plaintiff asked for  "Sick call slips policies" in his March 15, 2023 letter to Defendant.

### Conclusion

Plaintiff's Motion for Preliminary Injunction and first Motion to Compel (Docs. 56 and 62) are DENIED.   Plaintiff's Second Motion to Compel and Third Motion to Compel (Docs. 64 and 78) are GRANTED IN PART. **On or before March 14, 2024, Defendant should provide Plaintiff with an explanation as to the results of her request to IDOC for Plaintiff's "request slips." On or before April 4, 2024, Defendant shall produce directives pertaining to "nurse**

Page **6** of **7**

sick call schedules and lines" at Lawrence in 2019-2021.   Also on or before April 4, 2024, and in regards to Plaintiff's March 15, 2023 request for "health care administrator policies in regards to medication disbursement. Sick call slips policies, protocol pertaining to chronic pain, Wexford distribution of medication and how doctors/nurse practitioners are supposed to deal with individuals in custody that have constant pain and discomfort," Defendant shall either produce directives responsive to this request effective 2019-2021 at Lawrence or "provide further clarification as to what documentation is within her custody, control, and possession."   Plaintiff's Second Motion to Compel and Third Motion to Compel (Docs. 64 and 78) are otherwise denied.

Defendant Cunningham has moved for additional time to file a summary judgment, "up to and including March 12, 2024." **Defendant's motion is GRANTED and in light of this Order, Defendant Cunningham may have until April 4, 2024 to file her dispositive motion.**

**IT IS SO ORDERED.**

**DATED:   March 7, 2024**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**