IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| DEVIN C. SEATS, #R65374, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-1049-RJD |
| v. | ) | |
| | ) | |
| VIPIN SHAH, M.D., WEXFORD | ) | |
| HEALTHCARE SOURCES, INC., and | ) | |
| LORIE CUNNINGHAM | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC"),
filed this lawsuit pursuant to 42 U.S.C. §1983.   Doc. 1.   He alleges that Defendants Vipin Shah,
M.D. and Lorie Cunningham were deliberately indifferent to his chronic pain at Lawrence
Correctional Center.   *Id.*   He further alleges that Wexford Health Sources, Inc. (a private
company that contracts with IDOC to provide medical care to inmates) had a practice of denying
medication to inmates to save money.   *Id.*   Following this Court's threshold review pursuant to
28 U.S.C. §1915A, Plaintiff proceeds on the following claims:

| | |
|---|---|
| Count 1: | Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Shah for discontinuing Plaintiff's pain prescriptions and failing to replace them with medications adequate to relieve his pain. |
| Count 2: | Eighth Amendment deliberate indifference to serious medical needs claim against Wexford for instituting a cost cutting policy which caused Dr. Shah to discontinue Plaintiff's effective pain |

medications.

Count 3:     Eighth Amendment deliberate indifference claim against Cunningham for failing to refer Plaintiff to another doctor for pain treatment and failing to schedule Plaintiff with a doctor to get his bottom bunk/lower gallery permits renewed.

Doc. 18.

This matter comes before the Court on multiple motions by the parties, including Defendants' Motions for Summary Judgment.   Docs. 83, 84 and 101.   Plaintiff filed Responses (Docs. 88 and 102) and Defendants filed Replies (Docs. 95, 105). As explained further, Defendants' Motions for Summary Judgment are DENIED.

## Material Facts

 Plaintiff was shot multiple times in 2007.   Doc. 84-1, p. 18.   Some of the bullets were surgically removed, but he still has two bullets in his right thigh.   *Id.*, pp. 18-19.   He has degenerative joint disease and neuropathy.   Doc. 88, pp. 27, 28.   He entered the IDOC custody in December 2012.   Doc. 84-1, p. 23.   In 2019, he transferred to Lawrence.   Doc. 84-1, p. 25; Doc. 84-2, p. 11. At Lawrence, Dr. Pittman (not a defendant) issued Plaintiff a low bunk/low gallery permit on February 9, 2020 that was valid for one year.   Doc. 88, p. 25.   On May 27, 2020, Dr. Pittman prescribed a three month supply of Tylenol-3 to Plaintiff.   Doc. 84-2, p. 12. She also prescribed Flexeril.   Doc. 84-1, p. 31; Doc. 84-2, p. 13.   The Tylenol 3 and Flexeril alleviated some of Plaintiff's pain. Doc. 84-1, pp. 31, 35, 50.

On September 17, 2020, Dr. Shah discontinued multiple medications for Plaintiff, including Flexeril and Vitamin D.   Doc. 84-3, ¶4.   Plaintiff's Tylenol-3 prescription had expired on August 26, 2020.   Doc. 84-3, ¶4.

Plaintiff saw Dr. Shah at Lawrence on October 13, 2020.   Id., p. 30; Doc. 84-2, p. 16.   Dr.

Shah asked him "where do [you] hurt at?" and asked him to rate the severity of his pain.   Doc. 84-1, p. 32.   Plaintiff explained to him that he was having pain from the 2007 gunshot injuries, and Dr. Shah said "you should be fine" because "[t]hat was…years ago."   Doc. 84-1, p. 31.   Dr. Shah was rude and combative.   *Id*.   Dr. Shah told Plaintiff that he would have to start taking Ibuprofen or Tylenol for his pain, and Plaintiff told him "my pain is far [more] severe than just Ibuprofen [] and Tylenol[s], which is why..I was given the medications that you took me off of or didn't [renew]."   *Id*., p. 32.   Dr. Shah told Plaintiff that he could buy his vitamins at the commissary and said that Wexford was "cutting prices…[s]omething in regards to the pandemic or something as far as saving money."   *Id*.

Plaintiff saw Lorie Cunningham on November 12, 2020, as she toured the prison.   Doc. 84-1, p. 43.   He told her that he was not getting adequate medication for his pain and that he needed Flexeril and Tylenol-3.   *Id*.   She said "Dr. Shah is not giving out that medication.   Dr. Pittman was giving that out like candy.   And Wexford and Dr. Shah [are] not doing that."   *Id*.

Plaintiff saw Dr. Shah again on December 25, 2020.   Doc. 84-1, p. 33.   Plaintiff told Dr. Shah that he was still in pain and "not getting adequate medications."   Id.   Plaintiff also told Dr. Shah that he had "bone spurs" in his neck and "degenerative bone disease."   Id.   Dr. Shah prescribed Robaxin and Voltaren to him.   *Id*.

Plaintiff saw Lorie Cunningham again on March 9, 2021.   Doc. 84-1, p. 44.   He told her "about [his] medications and seeing another doctor, being in pain, and [his] lower bunk and lower gallery permit."   *Id*.   She wrote down his name and ID number and "said that she would look into it or help [him] get his permit."   *Id*.

Plaintiff received a lower bunk permit in October 2021.   Doc. 88, p. 22.   The permit was renewed in 2022.   *Id*., p. 23.   Plaintiff continues to have pain; some days, depending on the

weather, he rates the pain at a ten on a scale of one to ten, ten being the highest.   Doc. 84-1, p. 41.
He describes it as a "wet, achy, stingy pain, a throbbing pain, that lasts for hours at times.
Headaches and stuff like that."   *Id*.

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is
no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of
law."   FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-
Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).   The
moving party bears the initial burden of demonstrating the lack of any genuine issue of material
fact.   *Celotex*, 477 U.S. at 323.   Once a properly supported motion for summary judgment is
made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   A genuine issue of material fact exists
when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."
*Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at
248).   In considering a summary judgment motion, the district court views the facts in the light
most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.   *Apex
Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

The Eighth Amendment "'does not mandate comfortable prisons,' but neither does it
permit inhumane ones."   *Brown v. Osmundson*, 38 F. 4th 545, 559-60 (7th Cir. 2022) (internal
citations omitted).   To succeed on his deliberate indifference claims, Plaintiff must "provide
evidence, either direct or circumstantial" that shows (1) "he had an objectively serious medical
need" (2) "which [the defendant] "[knew] of and disregard[ded] a substantial risk of harm."   *Id*.

at 550.   Negligence or even recklessness does not constitute deliberate indifference; the defendant must have shown "something approaching a total unconcern for the prisoner's welfare in the face of serious risks."  *Id*.

**Dr. Shah**

A physician may exhibit deliberate indifference if he makes a treatment decision that "is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment."  *Arnett v. Webster*, 658 F.3d, 751 (7th Cir. 2011) (*quoting Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).   The record is silent as to why Dr. Shah discontinued Plaintiff's medications on September 17, 2020.   The parties dispute some of the events that occurred that day; Dr. Shah stated in his affidavit that Plaintiff refused the MD line, stating "I'm okay."   Plaintiff denies that he refused the MD line.   Dr. Shah also states in his declaration that "[m]y assessment was no need for multiple therapeutic medications" but does not give any indication why or how he reached the decision to discontinue medications that another doctor had ordered for Plaintiff.   Perhaps Dr. Shah discontinued the medications because he thought Plaintiff had refused to see him, or perhaps he based this decision on a review of Plaintiff's chart.   Regardless, because Dr. Shah gives no explanation, a jury could infer that he arbitrarily discontinued Plaintiff's medications, including Flexeril.

The record also reflects a genuine issue of material fact as to whether Dr. Shah was deliberately indifferent on October 13, 2020.   According to Plaintiff, Dr. Shah told him he would have to start taking Ibuprofen and Tylenol because Wexford was trying to save money, even though Plaintiff told Dr. Shah neither medication alleviated his pain and that was why he had been taking Tylenol 3 and Flexeril.   From this testimony, the jury could find that Dr. Shah was deliberately indifferent by denying Plaintiff medicine he needed for pain in order to follow a

Page **5** of **10**

Wexford policy/practice.

Dr. Shah states in his affidavit that he noted on October 13, 2020 that Plaintiff's activities of daily living were "ok" and he was able to sit and walk "ok", and his "plan" was that Plaintiff did not need continued pain medication.   Dr. Shah does not explain why he chose that "plan"; the jury could infer it was because Plaintiff was walking, sitting, and otherwise moving "ok." However, the jury could also infer (based on Plaintiff's testimony) that Dr. Shah refused to order necessary medicine for Plaintiff because of a Wexford policy/practice.

Dr. Shah argues that Plaintiff's deposition testimony should be disregarded because Plaintiff's "own self-serving statements are insufficient to create a genuine issue of material fact." Doc. 95.   This argument reflects a fundamental misunderstanding of well-settled standards for summary judgment.   The Court does not disregard Plaintiff's deposition testimony simply because it is "self-serving", just as it does not disregard Dr. Shah's declaration because it is "self-serving."   *See Anderson*, 477 U.S. at 249.   The Court does not "weigh evidence and decide the truth of the matter."   *Id*.   Where each party gives admissible, conflicting testimony (either through affidavit or deposition), the undersigned does not determine which party is more credible. *See id*.   The Court's role is simply to determine whether the admissible evidence in the record creates a genuine issue for trial.   *Id*.

Here, there is a genuine issue for trial regarding whether Dr. Shah discontinued and/or refused to renew Plaintiff's pain medications in violation of the Eighth Amendment.   Dr. Shah's Motion (Doc. 83) is DENIED.

**Lorie Cunningham**

It is difficult for a prison official to show she is entitled to summary judgment when evidence suggests that she ignored a prisoner's request for medical assistance.   *See Petties v.*

*Carter*, 836 F.3d 722, 729 (7th Cir. 2016).    Plaintiff testified that on two occasions, he told Defendant Cunningham that his necessary pain medications and permits had not been renewed and she told him she would investigate.   Plaintiff did not receive a low bunk/low gallery permit until six months after his second encounter with Defendant Cunningham.   Defendant does not address these purported conversations in her Motion for Summary Judgment.   Instead, she focuses on her role as the health care unit administrator and Plaintiff's testimony that he sent her request slips (she says that other nurses retrieve and review those slips) and her response to a grievance submitted by Plaintiff in July 2021 (she e-mailed Wexford physicians and asked them to place Plaintiff on the MD Call Line).   She also points out that Plaintiff was frequently seen in the health care unit.   Therefore, she concludes, her conduct as an administrator did not violate Plaintiff's Constitutional rights and she is entitled to summary judgment and qualified immunity.

In her affidavit, Defendant Cunningham states that she is not responsible for patient care in her "administrative role."   Doc. 101-2, ¶2.   However, non-medical prison administrators may still be held liable for deliberate indifference to serious medical needs if evidence reflects that they had actual knowledge of an "objectively serious medical condition and inadequate medical care." *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015).   Because Defendant Cunningham does not address the purported conversations with Plaintiff in her Motion, and because the record is otherwise silent as to what (if anything) she did with this information, a jury could infer that she either forgot or ignored Plaintiff.   Ignoring an inmate's pleas for help can constitute an Eighth Amendment violation, isolated instances of neglect do not.   *Arnett*, 658 F.3d at 753; *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997) (internal citations and quotations omitted). Construing the evidence in the light most favorable to Plaintiff, genuine issues of material fact exist regarding his claim against Defendant Cunningham and her Motion for Summary Judgment

(Doc. 101) is DENIED.

**Wexford**

To prevail in his §1983 claim against Wexford, Plaintiff must establish that his Eighth Amendment right to be free from cruel and unusual punishment was violated by 1) Wexford's express policy; 2) Wexford's "widespread and persistent practice that amounted to a custom approaching the force of law"; or 3) a Wexford "official with final policymaking authority." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021) (*citing Monell*, 436 U.S. at 690-91*; Glisson v. Indiana Dep't of Corrections*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

Wexford's only argument is that Defendant Shah's refusal to renew Plaintiff's prescriptions did not constitute deliberate indifference, and therefore Wexford cannot be liable for a policy that caused Dr. Shah to deny the prescriptions.   As explained above, there is a genuine issue of material fact regarding whether Dr. Shah was deliberately indifferent to Plaintiff by refusing to renew his Tylenol 3 and Flexeril prescriptions.    Plaintiff testified that Dr. Shah said Wexford was trying to save money by prescribing less medications.   Plaintiff also testified that Defendant Cunningham said that since Dr. Pittman left Lawrence, Dr. Shah and Wexford were not prescribing the pain medications that were formerly "giv[en] out like candy" by Dr. Pittman. From this evidence, the jury can infer that Dr. Shah was acting pursuant to an express Wexford policy by denying Plaintiff Flexeril and Tylenol 3.   Wexford's Motion for Summary Judgment (Doc. 83) is DENIED.

### Other Pending Motions

On March 7, 2024, the Court granted a Motion to Compel filed by Plaintiff and ordered Defendant Cunningham to supplement her written discovery responses on or before March 14,

2024.  Doc. 90.  By March 15, 2024, Plaintiff had not received her supplemental responses and filed a Motion for Sanctions (Doc. 94).  Defendant responded, stating that she mailed her Responses on March 14, 2024 and therefore it was not surprising that Plaintiff had not yet received them.  Because Defendant complied with the Court's order to supplement her responses on March 14, 2024, Plaintiff's Motion for Sanctions (Doc. 94) is DENIED.

Plaintiff then filed a "Motion for Instructions" (Doc. 99) in which he contends that Defendant Shah's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment improperly asked the Court to weigh the evidence and therefore the Reply should be stricken.  The Court agrees (in part) with Plaintiff that some of Defendant's arguments in the Reply were improper; as explained above, simply because Plaintiff's testimony was "self-serving" does not mean it should not be considered on summary judgment.  However, the Reply itself does not violate Local Rules and therefore Plaintiff's request to strike it is DENIED.

Plaintiff also filed a "Motion for Status."  Doc. 106.  Now that the summary judgment motions have been denied, Plaintiff is ORDERED to file a notice with the Court on or before October 4, 2024 regarding whether he is interested in participating in a settlement conference conducted by the undersigned magistrate judge.  If he is interested, he shall also send a settlement demand (meaning, the amount of money he wants to use as a starting point for negotiations) to Defendants via the U.S. Mail.  Plaintiff SHOULD NOT FILE the settlement demand with the Court; he should simply state in his notice filed on or before October 4, 2024 that he has sent a demand to Defendants.  On or before October 18, 2024, Defendants shall file notices with the Court regarding whether they are interested in participating in a settlement conference.

**IT IS SO ORDERED.**

**DATED:   September 20, 2024.**

s/ _Reona J. Daly_
**Hon. Reona J. Daly**
**United States Magistrate Judge**